OPINION
{¶ 1} Appellant Raymond W. Kolm appeals the decision of the Stark County Court of Common Pleas finding him to be a sexual predator. The following facts give rise to this appeal.
{¶ 2} In 1994, the Stark County Grand Jury indicted appellant charging him with one count each of rape, felonious sexual penetration, sexual battery and gross sexual imposition. The charges were the result of appellant's repeated sexual abuse of his learning disabled daughter, Eve, over a five-year period. Eve was between the ages of ten and fifteen during this time period.
{¶ 3} Appellant entered a plea of not guilty to the charges contained in the indictment and this matter proceeded to trial. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to an aggregate indeterminate term of imprisonment of twelve to twenty-five years.
{¶ 4} Appellant subsequently appealed his conviction. On appeal, we affirmed appellant's conviction.
{¶ 5} In 2001, the warden of the prison where appellant is incarcerated recommended that he be classified a sexual predator. The trial court conducted a classification hearing on October 8, 2001. Following the hearing, the trial court classified appellant a "sexual predator."
{¶ 6} Appellant timely filed his notice of appeal and sets forth the following sole assignment of error for our consideration:
ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ERRED IN FINDING THAT THE STATE HAD MET ITS BURDEN OF PROOF BY DEMONSTRATING BY CLEAR AND CONVINCING EVIDENCE THAT THE DEFENDANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR PURSUANT TO THE PROVISION OF 2950.01(E`) OF THE REVISED CODE."
 I.
{¶ 8} In his sole assignment of error, appellant contends the trial court's determination that he is a sexual predator is not supported by clear and convincing evidence. We disagree.
{¶ 9} R.C. § 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses * * *." In determining whether an offender is a sexual predator, the judge shall consider all relevant factors, including but not limited to the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct. See R.C. 2950.09(B)(2).
{¶ 10} The standard of proof in determining whether an offender is a sexual predator is the clear and convincing evidence standard. See R.C. § 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegation sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, 477. A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
{¶ 11} On appeal, appellant maintains his past conduct of sexual abuse has little probative value in determining his future conduct. We disagree with this argument and instead find that a trial court's reliance upon a defendant's past criminal conduct to predict the likelihood of engaging in future sexual crimes is not prohibited. We have previously stated, "The past behavior of a defendant is often the best indicator of future sexual or violent tendencies, and therefore, can be used by the court to gauge the offender's future propensity to commit sexual offenses." State v. McCoy (Mar. 8, 1999), Stark App. No. 1998CA00183, unreported, at 2.
{¶ 12} At the classification hearing, the trial court had before it the testimony of Appellant, the prior transcript of the original trial, the records of the Ohio Department of Rehabilitation and Corrections and the evaluation and report from Melymbrosia and Associates.
{¶ 13} We also note that psychological evaluations classify appellant as a "child molester, regressive type." Although the evaluation performed by Melymbrosia in 2001 indicates appellant is "in the low risk for re-offending category," the evaluation also noted other factors that point to an increased risk:
 * * * preoccupation with misusing underage children which would suggest difficulties with sexual self-regulation; a potential for engaging in high risk situations by engaging in illegal occupations and activities such as drug buying, drug selling and drug using; a victim under the age of 13; a lack of having successfully completed a sex offender treatment program. Potential risk factors for violence in Mr. Kolm's situations include his history of substance abuse; his history of an obviously unstable parental home environment, and his problems with anger management.
{¶ 14} The Melymbrosia assessment further noted that, "Mr. Kolm accepts no responsibility for his current situation, instead looking to blame the learning disabled adolescent girl for maliciously concocting a story. . .".
{¶ 15} In relying upon the above evidence presented at the classification hearing and considering the factors contained in R.C.2950.09(B)(2), the trial court concluded as follows:
 (1) Appellant was between the ages of thirty-one and thirty-six when he sexually abused his learning disabled daughter.
 (2) The victim was learning disabled with an IQ of 69, with a high degree of vulnerability
 (3) At the time of the sexual abuse, appellant's daughter was ten years old and continued over a period of five years.
 (4) Appellant engaged in a pattern of abuse which began with fondling and resulted in vaginal penetration and oral sex.
 (5) Appellant's threatened to kick the victim out of the house if she did not comply.
 (6) Appellant's failure to accept responsibility for his current situation and placing the blame on his daughter, arguing that she was coached and encouraged by the Department of Human Services and the Stark County Prosecutor's office.
 (7) Appellant's failure to complete any sex offender treatment programs.
(Classification Hrng., October 9, 2001, T. at 81-91.)
{¶ 16} Based upon evidence contained in the record, the trial court's conclusion finding appellant to be a sexual predator is supported by clear and convincing evidence.
{¶ 17} Appellant's sole assignment of error is overruled.
{¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: BOGGINS, J. HOFFMAN, P.J., and GWIN, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.